UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MINNIE SPANGLER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 18-556-DCR |
| ) | |
| V. ) | |
| ) | |
| EAST KENTUCKY POWER ) | **MEMORANDUM OPINION** |
| COOPERATIVE, INC., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant East Kentucky Power Cooperative, Inc. ("EKPC") has filed a motion to dismiss Plaintiff Minnie Spangler's first Amended Complaint for failure to state a claim for which relief can be granted. [Record No. 8] More specifically, EKPC asserts that Spangler's wrongful termination claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court concludes that the defendant's argument is correct. Further, Spangler has not pled facts sufficient to state a plausible claim for interference with her rights under ERISA. Therefore, for the reasons explained in more detail below, the defendant's motion will be granted.

**I. Factual Background**

Spangler and her husband worked together as full-time employees at EKPC until her husband's death on October 11, 2014. [Record No. 6, p. 1-2] Spangler returned to work for EKPC after a brief period mourning the loss of her husband. [Record No. 6, p. 2] She sought help navigating EKPC's spousal death benefit options from one of EKPC's human resources employees and EKPC's General Counsel. [*Id.*]

The plaintiff attended a meeting on December 8, 2014, where she allegedly was "verbally assailed, harassed, and physically threatened." [*Id.*] Spangler reports that, after the meeting, she went to a hospital for severe chest pains and was subsequently advised to take a leave of absence from EKPC. [*Id.*] She returned to work a few weeks later but continued to struggle to obtain information about the supplemental death benefits for her husband's passing. [*Id.*] Spangler then contacted a National Rural Electric Cooperate Association ("NRECA") representative for assistance in figuring out her husband's death benefits. [*Id.*] She attended another meeting with EKPC's human resources employee on May 15, 2015, and the employee allegedly verbally assailed and harassed her, "directing her to grab her purse and go home." [Record No. 6, p. 3] Spangler advised her supervisor following this interaction that she would not return to EKPC. [*Id.*] She filed suit in state court in Clark County, Kentucky, alleging wrongful termination (Count I) and constructive termination (Count II).

EKPC moved to dismiss for failure to state a claim in state court on August 17, 2018. [Record No. 1-2] Spangler filed a response on September 28, 2018, in which she mentioned for the first time that her wrongful termination claim was based on an alleged violation of the 29 U.S.C. § 1140, commonly noted as § 510 of the ERISA. [Record No. 1-3] The defendant filed a notice of removal on October 2, 2018, alleging that federal courts have exclusive subject matter jurisdiction over claims arising under ERISA. [Record No. 1, p. 1-2]

Spangler amended her Complaint on October 12, 2018, re-alleging her claim of wrongful termination (Count I of the First Amended Complaint) and explicitly claiming a violation of ERISA (Count II of the First Amended Complaint). [Record No. 6] The Court denied the first motion to dismiss as moot and EKPC subsequently filed a motion to dismiss the Amended Complaint. [Record No. 8]

## II. Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff is not required to plead facts showing that the defendant is likely to be responsible for the harm alleged, but the plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). However, a court is not "bound to accept as a true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Analysis

**(i)     The plaintiff's state law termination claim is preempted by ERISA.**

A cause of action for wrongful discharge in violation of public policy arises as a narrow exception to the terminable-at-will doctrine. *Hill v. Kentucky Lottery Corp.* 327 S.W.3d 412, 420 (Ky. 2010); *see also Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) (discussing the judicial exceptions to the employment-at-will doctrine); *Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W. 2d 730, 732 (Ky. 1983) (reviewing the wrongful discharge public policy exception to the terminable at-will doctrine); *Barrow v. City of Hillview*, 2017 U.S. Dist. LEXIS 205452 *1, *17 (W.D. Ky. 2017) (concluding that to bring a wrongful discharge action one must have been an at-will employee). The plaintiff contends that the motion to dismiss is premature because it has not been proven that she is an at-will employee. [Record No. 9, p. 2] However, Spangler must have been an at-will employee to maintain a claim for wrongful discharge. Assuming Spangler was an at-will employee, her claim is preempted by ERISA.

Kentucky generally recognizes that an employer may terminate an "at-will employee for good causes, for no causes, or for a cause that some might view as morally indefensible." *Firestone*, 666 S.W.2d at 732. The "wrongful discharge exception" applies where the discharge is contrary to a fundamental and well-defined public policy as evidenced by a constitutional or statutory provision. *Grzyb*, 700 S.W.2d at 401. The Supreme Court of Kentucky has clarified that "only two situations exist where grounds for discharging an employee are so contrary to public policy as to be actionable absent explicit legislative statement prohibiting discharge." *Id*. at 402 (internal citations and quotations omitted). They are: "where the alleged reason for discharge of the employee was the failure or refusal to violate a law in the course of employment" and "when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Id.*

Preemption occurs in wrongful discharge cases "when the statutes that establish the 'well-defined public policy' violation which supports the wrongful discharge pleading are the same statutes that establish a statutory cause of action for, and structure the remedy for, violations of that public policy." *Hill,* 327 S.W.3d at 421. Spangler relies upon ERISA § 510 ("interference with protected rights") in support of her wrongful termination claim. The remedy for violations of ERISA § 510 is set out in ERISA § 502(a)(3). ERISA § 502(a)(3) provides that a civil action may be brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132.[1]

"Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Grzyb*, 700 S.W.2d at 401; *see also Harvey v. I.T.W., Inc.*, 672 F. Supp. 973, 976 (W.D. Ky. 1987) (granting summary judgment for the defendant because *Grzyb* prevents a plaintiff from bringing an ERISA based wrongful discharge suit by providing both the underlying public policy and structure for remedying a violation); *Sparks v. Fid. Corporate Real Estate, Inc.*, 2016 U.S. Dist. LEXIS 98432 *1, *12 (E.D. Ky. 2016) (dismissing the plaintiff's wrongful discharge claim because "KCRA declare[d] the alleged conduct unlawful and specifie[d] the civil remedies available for such violations). Spangler's wrongful

---

[1] Spangler asserts that ERISA § 502(a)(3) does not provide a remedy because "[a]ny examination of the remedial statute reveals that it only extends to benefit plan participants themselves." [Record No. 9, p. 6] However, § 502(a)(3) clearly states that a civil action may be brought "by a participant, beneficiary, or fiduciary…" 29 U.S.C. § 1132. Further, the plaintiff also relies on ERISA § 502(a)(3) in her First Amended Complaint. [Record No. 6, p. 4]

termination claim is preempted because ERISA provides both the public policy underlying the claim and the civil remedy available. Therefore, this claim will be dismissed.

> **(ii) Spangler has not pled sufficient facts to state a plausible claim for interference with her rights under ERISA § 510.**

The defendant asserts that Spangler's complaint does not allege the basic elements of a prima facie claim under ERISA. [Record No. 10, p. 5] ERISA § 510 provides, in part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 U.S.C. § 1201], or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140.

To state a claim under ERISA, a plaintiff must demonstrate (through direct or substantial evidence) that an employer had a specific intent to violate ERISA by taking the employment action that caused the adverse effect to the plaintiff. *Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997). "In the absence of direct evidence of such discriminatory intent, the plaintiff can state a prima facie case by showing: (i) prohibited employer conduct, (ii) taken for the purpose of interfering (iii) with the attainment of any right to which the employee may become entitled." *Id.*; *Crawford v. TRW Automotive U.S. LLC*, 560 F.3d 607, 613 (6th Cir. 2009).

The defendant argues that Spangler has failed to state a claim upon which relief can be granted under ERISA because the First Amended Complaint does not meet the pleading standard under *Twombly* and *Iqbal*. [Record No. 10, p. 5] Specifically, it asserts that Spangler fails to allege that the defendant acted in a way to deny her rights related to her husband's

benefits, that the benefits were covered by ERISA, that Spangler had been deprived of ERISA benefits, and that the defendant engaged in prohibited conduct with a "specific intent" to violate ERISA. [Record No. 10, p. 6]

Spangler alleges that she sought the advice of the General Counsel at EKPC to discuss her husband's death benefits. [Record No. 6, p. 2] She further contends that she was "verbally assailed, harassed, and physically threatened" by an EKPC employee during a meeting in the General Counsel's office. [*Id*.] Spangler claims that these things occurred, but she does not provide any facts to support what happened in the meetings. *See Iqbal*, 556 U.S. at 678 (requiring a complaint to contain more than mere labels and conclusions). She continued to try to obtain information about her husband's supplemental death benefits but contends that she was still unable to acquire adequate information. [Record No. 6, p. 2] Spangler then contacted a representative from the NRECA for assistance in answering her questions about her husband's death benefits. [*Id*.] She further asserts that she was "verbally assailed and harassed" in another meeting by an EKPC human resources employee, who was "presumably disturbed by her decision to seek guidance from NRECA." [Record No. 6, p. 3]

To survive a motion to dismiss, a plaintiff must include sufficient factual content in her complaint to render it plausible that she will be able to prove her claim at a later stage in the action. *See Iqbal*, 556 U.S. at 678-79. In other words, Federal Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. In short, to state a plausible claim, Spangler must provide "more than a sheer possibility" that EKPC has acted unlawfully. *Id*. at 678.

For example, the Court dismissed the ERISA claim in *Hollowell v. Cincinnati Ventilating Co*., because the plaintiff failed to plead sufficient facts to state a plausible claim

for relief. 711 F. Supp. 2d 751, 760 (E.D. Ky. 2010). The Court concluded that the plaintiff merely alleged that he was terminated from a job that sponsored an ERISA-regulated plan and the legal conclusion that he was terminated to interfere with those benefits and this was not sufficient to state a claim for relief. *Id*.

Another court in this circuit dismissed a plaintiff's ERISA § 510 claim because the plaintiff failed to plead sufficient factual allegations to state a plausible claim for relief in *Gordon v. America's Collectibles Network, Inc*., 2010 U.S. Dist. LEXIS 20497 (E.D. Tenn. 2010). The plaintiff alleged that he was a participant in an ERISA health benefit plan, that he was diagnosed with cancer, that the plan had to pay extensive medical costs for his cancer treatment, and that he was called into a meeting to discuss his soaring health costs. *Id*. at *5-6. He then alleged he was terminated "to avoid anticipated health care expenses . . . for the purpose of interfering with his protected rights to receive ERISA benefits." *Id*. at *6. The court concluded that the plaintiff failed to allege specific intent on the part of the defendant. *Id*. at *21.

A plaintiff must allege prohibited conduct and that the conduct was engaged in by the defendant with the specific intent of violating ERISA. *See Crawford*, 560 F.3d at 613; *Smith*, 129 F.3d at 865. Taking Spangler's factual allegations as true, it is plausible that the defendant may have committed prohibited conduct by interfering with the plaintiff's ability to obtain adequate information on her husband's death benefits and firing her for seeking information about the benefits. However, similar to the plaintiff *Gordon*, the plaintiff fails to plead any facts that the conduct in which the defendant engaged was done with the specific intent to violate ERISA. 2010 U.S. Dist. LEXIS 20497 at *21. In comparison to *Gordon* and *Hollowell*,

Spangler has pled even less facts to make out an ERISA claim. Accordingly, her ERISA claim will be dismissed.

## IV. Request for a Hearing

The plaintiff requested oral argument pursuant to Local Rule. 7.1(f). However, granting, the plaintiff's request for a hearing is discretionary. *Manning v. Archwood Prot., Inc.*, 40 F. Supp. 3d 861, fn. 1 (E.D. Ky. 2014). In ruling on the motion to dismiss, the Court considers only the amended complaint, and the parties have had an adequate opportunity to develop their legal arguments through briefing. Thus, a hearing is not necessary and the plaintiff's request will be denied.

## V. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Defendant EKPC's motion to dismiss [Record No. 8] is **GRANTED**.

2. Plaintiff Minnie Spangler's claims are **DISMISSED**, with prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: December 6, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge